UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCISCO HERNANDEZ, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>IMPD, et al., )<br>)<br>Defendants. ) | Case No. 1:13-cv-01177-SEB-MJD |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

Plaintiff Francisco Hernandez "(Hernandez") is an inmate at Putnamville Correctional Facility. He filed an amended civil rights complaint on October 7, 2013.

Hernandez alleges that the defendants unlawfully entered and searched his property and seized items without returning them, in violation of the Fourth Amendment to the Constitution and Article 1, section 2 of the Indiana Constitution. He names two defendants: 1) Indianapolis Metropolitan Police Department Detective Richard L. Hemphill, and 2) Chief of Police Richard A. Hite. He seeks compensatory damages. The complaint is necessarily brought pursuant to 42 U.S.C. § 1983.

**I.**

The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Such statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Hernandez are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying the standards set forth above, certain claims are dismissed while other claims shall proceed, consistent with the following:

- **The claim against Chief Hite is dismissed** for failure to state a claim upon which relief can be granted because the only factual allegations relating to Hite are that he supervised Detective Hemphill. The complaint does not allege any personal participation in unlawful acts on the part of Chief Hite. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

- Any claim based on the asserted violation of the Indiana Constitution is **dismissed** because there is no private cause of action for damages under the Indiana Constitution under the circumstances alleged by Hernandez. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006);

*Estate of O-Bryan v. Town of Sellersburg,* 2004 WL 1234215, *21 (S.D.Ind. May 20, 2004); *Smith v. Indiana Dep't of Corrections*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007) ("[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution.").

No partial final judgment shall issue as to the claims dismissed in this Entry.

**II.**

**The claims against Detective Hemphill** for unlawful search and seizure, in violation of the Fourth Amendment, shall proceed.

All claims against defendant Richard A. Hite are **dismissed.**

**The clerk shall update the docket** to reflect the single defendant remaining in this action.

**III.**

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendant Detective Richard L. Hemphill in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on October 7, 2013, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 10/23/2013

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Francisco Hernandez
No. 222048
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. 40
Greencastle, IN 46135-9275

Detective Richard L. Hemphill
IMPD
200 E. Washington Street
Indianapolis, IN 46204