UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:13-cv-01177-SEB-MJD |
| | ) | |
| RICHARD L. HEMPHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 73] is **granted.**

### I.   Background

The plaintiff in this 42 U.S.C. § 1983 civil rights action is Francisco Hernandez ("Mr. Hernandez"). The defendant is Detective Richard L. Hemphill ("Det. Hemphill"). Mr. Hernandez alleges in his amended complaint that Det. Hemphill unlawfully entered and searched his property and seized items without returning them, in violation of the Fourth Amendment. He alleges that on December 15, 2011, Det. Hemphill searched 239 S. Randolph, 233 S. Randolph, 1919 Southeastern, and 1905/1909 Southeastern Ave., and unlawfully seized property without, or outside the scope of, lawful search warrants. He alleges that such property has never been returned. He seeks compensatory damages.

The defendant seeks resolution of Mr. Hernandez' claims through the entry of summary judgment. Mr. Hernandez has not opposed the motion.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

As noted, Mr. Hernandez has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "With few exceptions, the Fourth Amendment generally requires that the issuance of a warrant supported by probable cause precede any search." *United States v. Parker,* 469 F.3d 1074, 1077 (7th Cir. 2006).

The undisputed record shows that on November 9, 2011, acting on a tip from a credible confidential informant, defendant Det. Hemphill began an undercover narcotics investigation of Mr. Hernandez. Det. Hemphill suspected illegal drugs were being sold from Mr. Hernandez' restaurant, El Monterey, and from his home. Det. Hemphill and other narcotics officers set up

surveillance and executed six separate controlled drug buys. The Court need not recite all of the facts presented by Det. Hemphill demonstrating each step of the controlled buys and investigation. Suffice it to say that the evidence is overwhelming that Det. Hemphill's work provided probable cause for search warrants.

Three search warrants were issued based on Det. Hemphill's affidavits, requesting that officers be permitted to search and seize heroin, money, any items used to make or distribute drugs, any and all papers and documents that would help to identify individuals involved in drug trafficking, and any surveillance equipment. Specifically, the warrants ordered Det. Hemphill to search 239 South Randolph Street (the home) and 1905/1909 Southeastern Avenue (the restaurant) and seize, among others, the following items: heroin; United States Currency; items used in the distribution or processing of controlled substances; all papers, documents, and other personal property items such as lease/rental agreements, financial records, deeds, leases, and personal telephone books and diaries; all written ledgers, computers; and all cell phones, pagers, and electronic communication equipment.

Fifty-nine balloons of heroin, a storage tote of money, and financial documents were recovered from the restaurant search. Mr. Hernandez was arrested on twelve counts of heroin-related offenses based on the evidence found and collected during Det. Hemphill's searches. Mr. Hernandez subsequently pled guilty to dealing heroin.

Mr. Hernandez alleges that the search warrants were unlawful because they appeared to be signed by different judicial officers and on one of them the original date typed on the affidavit showed "12/14/2010" and was hand corrected to state "12/14/2011." Neither of these circumstances rendered any of the search warrants unlawful. Rather, it is undisputed that a neutral magistrate made the probable-cause determination and issued the warrant. Whether a different

judge signed each warrant is immaterial. The date error was merely a clerical error that was corrected. Moreover, the search warrants described the places and items to be searched with sufficient specificity. *See Guzman v. City of Chicago,* 565 F.3d 393, 396 (7th Cir. 2009) ("The Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized."). Mr. Hernandez has identified no substantive deficiency in the search warrants.

Mr. Hernandez also alleges in his amended complaint that during a search of his home, 239 S. Randolph Street, 2 Dell laptop computers were taken and not returned. In his deposition, he alleged that a Wii, X-Box, Play Station gaming system, and a television were missing from the house after the search. He also alleged that the following items were missing from his restaurant: 1) Dell laptop computer; 2) Boost mobile flip cell phone; 3) Sony home theater system; 4) Christmas presents (opened and destroyed); 5) recipes; 6) car titles; 7) small money bag with contracts for homes and property; and, 8) a hot water heater, eight windows, a fireplace, and a dishwasher.

The undisputed record reflects that all property that was seized was taken to the police department Property Room for holding or forfeiture. Officers never seized any Play Station gaming system, X-Box, Wii, or television. Moreover, officers did not seize the hot water heater, the windows, a fireplace, or a dishwasher from the restaurant. Mr. Hernandez admitted during his deposition that he does not know if the officers took all of the missing items, and that it is possible that his landlord could have done so.

In sum, there is no evidence of an improper issuance or execution of any of the three search warrants. Det. Hemphill's actions were reasonable and lawful, and there is no evidence that Det. Hemphill violated any of Mr. Hernandez' Fourth Amendment rights. Accordingly, Det. Hemphill

is entitled to summary judgment in his favor.

## IV. Conclusion

For the reasons set forth above, the defendant's motion for summary judgment [dkt. 73] must be **granted.** Judgment consistent with this Entry and with the Entry of October 23, 2013, dismissing claims against other defendants, shall now issue.

Although the Court is aware that according to the Indiana Department of Correction website, Mr. Hernandez has been released from prison, he has not reported a change of address so this Entry will be sent to him at his last known address, Putnamville Correctional Facility.

**IT IS SO ORDERED.**

Date: 06/16/2015

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANCISCO HERNANDEZ
222048
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel